### BALMFORD v. PEFFER.

(Supreme Court, Appellate Term. December 28, 1899.)

CONTRACTS—EVIDENCE.

　　Plaintiff, an undertaker, called on defendant's mother, to see if she would guaranty the payment of certain funeral expenses. He did not see her, but talked with defendant, who, he testified, lessened the amount of the order, and told him "it was all right, that [the mother] would be security for the amount," and "to go on, and send the bill" to the mother. Afterwards plaintiff made demands on the mother for the money, gave her a receipt for part that she paid, but never made any demand upon defendant until suit was brought. *Held* not to show a contract or liability on the part of defendant.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Thomas Balmford against Margaret A. Peffer.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Clark B. Augustine, for appellant.

J. Baldwin Hands, for respondent.

LEVENTRITT, J.   It is apparent that there is no foundation for the judgment rendered.   The plaintiff, an undertaker, sued for the balance due him for services rendered for the funeral of the wife of one William Osborne.   He claims that the liability of the defendant ensued from a conversation had with her concerning his employment.   The order was given by the husband of the deceased, but the plaintiff, declining to rely on the husband's responsibility, was referred by him to his aunt, Mrs. Dean, who, he said, would guaranty the payment of the claim.   The plaintiff testifies that he called at the house of Mrs. Dean for the purpose of having the order confirmed, but that he there met only the defendant, who informed him that her mother was ill, and could not see him.   In response to her inquiry as to what was wanted, he testified that he replied: "I told her my business, and she said that it was all right; that Mrs. Dean would be security for the amount.   Before saying that, she changed the order, and lessened it by twenty dollars,   *   *   *   and said to go on, and send the bill to Mrs. Dean."   It is on this that the plaintiff bases his employment.   We are unable to deduce any meeting of the minds from this conversation.   It was obviously not the intention of either party that the defendant should become the debtor or personally bound.   He spoke to her as representing Mrs. Dean. He did not seek to make a contract with her.   He went there with the avowed intention of securing Mrs. Dean's guaranty, and addressed the defendant only because she represented the party with whom he proposed to contract.   If there could be any doubt as to the intention of the plaintiff, that is dispelled by his subsequent acts, consistent only with a purpose to look to Mrs. Dean for payment. Immediately after the performance of the services, the plaintiff sent a bill to Mrs. Dean, and when, later, payment of a part thereof was made, he rendered a receipt running to her.   Thereafter he wrote her several letters, inclosing a statement in each, urging payment of the balance.   He also wrote a letter to Mrs. Dean's attorney in fact, wherein he named her as the debtor.   At no time did he send bill, statement, or communication to the defendant.   Under these circumstances, it is unnecessary to consider the defendant's version, which, to say the least, does not strengthen the plaintiff's case.   On his own showing, he must look to Mrs. Dean for payment, or establish by some testimony that the defendant acted without or in excess of authority.   As the record now stands, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.